**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 86.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. ELLIOTT.

**[Cite as *Disciplinary Counsel v. Elliott*, 1994-Ohio-75.]**

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Failing to preserve identity of client funds.*

(No. 93-2204—Submitted January 26, 1994—Decided April 27, 1994.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-66.

———————————

{¶ 1} On December 7, 1992, relator, Office of Disciplinary Counsel, filed a four-count complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court against John Wakeman Elliott of Delaware, Ohio, Attorney Registration No. 0011749. Count one of the complaint alleged that from April 1989 to December 1991, respondent misappropriated approximately $105,800 from the estate of Ruth Kay Henson by writing estate checks made payable to himself, his creditors, or his title agencies. Respondent had been appointed as co-executor of the estate on April 20, 1988, but was removed February 24, 1992 for failing to show up at a probate hearing. On June 4, 1992, the Delaware County Grand Jury indicted respondent for violating R.C. 2913.02, theft of over $100,000. Count one charged that respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law), and 9-102(A) and (B) (failing to preserve the identity of client funds).

**{¶ 2}** Count two of the complaint alleged similar violations of DR 1-102(A)(3), 1-102(A)(4) and 1-102(A)(6). Respondent, while representing Ticor Title Insurance Company allegedly misappropriated thousands of dollars that were to be used to satisfy mortgages. Respondent was the title agent at a real estate closing involving George and Sandra Bordick. CitFed Mortgage Corporation issued a check for $55,000 made payable to the Bordicks and Elliott Title, Inc. The check was deposited into an Elliott Title escrow account, but none of the money was used to pay the mortgage. In addition, respondent deposited a check for $114,600 made out to Elliott Title and Robert and Susan Kennedy into the Elliott Title escrow account. Again, the money was not used to pay the mortgage. Respondent was indicted for theft of more than $5,000 in violation of R.C. 2913.02 on June 4, 1992.

**{¶ 3}** Count three of the complaint also alleged violations of DR 1-102(A)(3), 1-102(A)(4) and 1-102(A)(6). Respondent and American Realty Title Assurance Company had issued a title insurance policy to Diamond Savings & Loan Co. on March 6, 1990. On the same day, respondent and Diamond entered into an escrow agreement for the disbursement of loan funds during a construction project. Respondent allegedly disbursed loan checks improperly and, as a result, $220,000 was misappropriated. In addition, respondent conducted a real estate closing and issued a closing letter and title insurance to NVR Mortgage. Respondent then allegedly deposited the closing check in the amount of $34,523.94 into his personal account. On June 4, 1992, respondent was indicted for violating R.C. 2913.02 due to misappropriating funds.

**{¶ 4}** Count four alleged violations of DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(6) and 9-102(A) and (B). In 1990, respondent was the attorney for the estate of his aunt, Martha W. Welsh. Respondent allegedly signed the administrator's name on an estate check for $10,000. The check was then deposited into his Elliott Title escrow account.

{¶ 5} Respondent did not file an answer to the complaint and all attempts at personal service have failed. The respondent fled the area after learning of an impending indictment against him and has not been heard from since. There is currently an FBI warrant for the respondent's arrest. On April 22, 1993, relator filed a motion for default pursuant to Gov. Bar R. V(6)(F) due to respondent's failure to file any responsive pleadings or contest or deny any of the allegations. The hearing panel of the board granted the motion and found that the respondent had committed the violations alleged in counts one and two, but made no findings on counts three and four. The panel recommended that the respondent be permanently disbarred from the practice of law. The board adopted the findings and recommendations of the panel and further recommended that the costs of the proceedings be taxed to the respondent.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Diana L. Chesley*, Assistant Disciplinary Counsel, for relator.

––––––––––––––––––

*Per Curiam.*

{¶ 6} We concur in the findings and recommendations of the board. Respondent, John Wakeman Elliott, is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

––––––––––––––––––